1  HANSON BRIDGETT LLP
   DIANE MARIE O'MALLEY, SBN 139166
2  domalley@hansonbridgett.com
   DOROTHY S. LIU, SBN 196369
3  dliu@hansonbridgett.com
   JENNIFER M. MARTINEZ, SBN 262081
4  jmartinez@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:    (415) 777-3200
6  Facsimile:    (415) 541-9366

7  Attorneys for Defendant ACTIONLINK, LLC

8  JULIAN A. HAMMOND, SBN 268489
   Hammond.julian@gmail.com
9  HAMMOND LAW PC
   1180 S. Beverly Dr., Ste. 610
10 Los Angeles, California 90035
   Telephone:    (310) 601-6766
11 Facsimile:    (310) 295-2385

12 CRAIG G. ACKERMANN, SBN 229832
   cja@ackermanntilajef.com
13 ACKERMANN & TILAJEF, P.C.
   1180 S. Beverly Dr., Ste. 610
14 Los Angeles, California 90035
   Telephone:    (310) 277-0614
15 Facsimile:    (310) 277-0635

16 Attorneys for PLAINTIFFS

17              **UNITED STATES DISTRICT COURT**

18            **NORTHERN DISTRICT OF CALIFORNIA**

19               **SAN FRANCISCO DIVISION**

20 CATHLENE CHEUNG, JEFF KOENIG,          CASE NO. 3:13-cv-01931-SI
   CHRISTIAN SANTOS, and SCOTT
21 SOBCZAK, individually and on behalf of all   **JOINT STIPULATION AND [PROPOSED]**
   others similarly situated,                **ORDER CERTIFYING CLASS;**
22                                            **VACATING DEADLINES FOR CLASS**
                  Plaintiffs,                 **CERTIFICATION MOTION AND OTHER**
23                                            **COURT DATES AND STAYING CLASS**
         v.                                   **ACTION FOR TWELVE (12) MONTHS**
24                                            **DUE TO DEFENDANT'S POTENTIAL**
   ACTIONLINK, L.L.C., an Ohio Limited        **JUDGMENT PROOF STATUS**
25 Liability Corporation,

26                Defendant.

27

28

**Plaintiffs Cathlene Cheung, Jeff Koenig, Christian Santos and Scott Sobczak ("Plaintiffs") and Defendant *ActionLink, LLC,* hereby submit this Stipulation and Order.**

## I.      INTRODUCTION

WHEREAS, Plaintiffs filed this action in the Superior Court of California for the County of Alameda on March 22, 2013, alleging violations of the California Labor Code for failure to reimburse business expenses; failure to pay all accrued vacation days; waiting time penalties; Private Attorneys General Act penalties; and violations of California's Unfair Competition Law. Thereafter, Defendant removed this action to this Court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d);

WHEREAS, Plaintiffs filed the instant putative class action on behalf of themselves and all others similarly situated ("*Cheung* Action");

WHEREAS, a previously filed case in Sacramento Superior Court is also currently pending entitled *Carl Adams, III, et al. v. ActionLink, LLC, et al*. (the "*Adams* Action"), alleging violations of the California Labor Code for failure to reimburse business expenses; failure to pay overtime; waiting time penalties; Private Attorneys General Act penalties; and violations of California's Unfair Competition Law;

WHEREAS, the claims in the *Cheung* Action overlap with the claims in the *Adams* Action;

WHEREAS, in the instant action, Plaintiffs have propounded discovery that is currently in abeyance, and

WHEREAS, the Court has set an October 31, 2014 date for Plaintiffs to file their Motion for Class Certification.

## II.      CONCURRENT PROCEEDINGS IMPACTING THIS LITIGATION/DEFENDANT'S FINANCIAL CONDITION

WHEREAS, Defendant is involved in a Fair Labor Standards Act collective action in the United States District Court for the Eastern District of Arkansas, entitled *Beauford, et al v. ActionLink, LLC*.  On September 26, 2013, judgment was entered in favor of the Arkansas plaintiffs in the amount of $359,455.77, with interest of 0.11% per annum from that date accruing; and

WHEREAS, on January 15, 2014, the same Arkansas court entered judgment in favor of the Arkansas plaintiffs for $196,848.72 plus pre-judgment interest to accrue at the rate of 0.13% per annum representing an award of $193,475.50 in attorneys' fees and $3,375.22 in costs; and

WHEREAS, in addition to awarding those amounts, the Arkansas court specifically found that the Defendant may be unable to satisfy the judgments due to its financial condition.  The Court noted:

> Here, in addition to the risk associated with the possibility that the plaintiffs might not have prevailed **there is the additional risk that ActionLink may be unable to satisfy the judgment and unable to pay the attorneys' fees award to plaintiffs' counsel.**  Based on the prospect that ActionLink may be unable to satisfy the judgment, the plaintiffs moved for leave to register the judgment in other districts or in the alternative to require ActionLink to post a bond.  ActionLink made no response so the court accepted as true the representation that ActionLink may be unable to satisfy the judgment.  Thus, the court is presented with the rare circumstance in which a defendant has made an offer of judgment pursuant to Rule 68, the plaintiffs have accepted that offer, but the defendant may be unable to satisfy the judgment.  **Because of this rare circumstance, the Court believes that it is appropriate to enhance the fee award to plaintiffs' counsel based on the risk that ActionLink may be unable to pay the award and the additional time and labor that may be involved in collecting the judgment and in collecting the award of attorneys' fees.**

*See Beauford, et al v. ActionLink, LLC*, No. 4:2012-cv-00139, 2014 U.S. Dist. LEXIS 5039, at *8 (E.D. Ark. Jan. 15, 2014).

WHEREAS, due to Defendant's current financial situation, it can neither defend the *Cheung* and *Adams* Actions nor offer monetary relief to resolves the actions that is acceptable to Plaintiffs; and further, if Plaintiffs were successful in these actions, Defendant contends that it could not pay any judgments; and

**III.    MEDIATION EFFORTS**

WHEREAS, in accordance with this Court's January 24, 2014 Minute Order, on March 18, 2014, the Parties engaged in private mediation before the Honorable William Cahill.  Counsel for both the *Cheung* Action and the *Adams* Action and for Defendant were present; and

WHEREAS, as a result of Defendant's current financial situation, on March 18, 2014, the Parties determined partially to resolve some of the disputed issues in the *Cheung* and *Adams* Actions by agreeing to, and to seek court approval of, the following in both the *Cheung* and *Adams* Actions, understanding that these agreements are in place only if the Court grants the

Parties' joint request to stay the *Cheung* action and the Superior Court also grants the Parties' joint request to stay the *Adams* action:

1. A twelve (12) month stay (through and including March 18, 2015), of all proceedings including, but not limited to, court appearances, motions, and discovery, and

2. Defendant's stipulation to class certification, as those subclasses are defined herein.

The Parties believe that the federal court proceedings will not be prejudiced by this postponement, due, in large part, to the fact that Defendant is agreeing to stipulate to class certification, thus making it unnecessary for the Court to hear and determine the class certification motion, currently set for an October 31, 2014 hearing, in exchange for a temporary stay of litigation. Defendant's stipulation to class certification also obviates the need for the Parties and the Court to engage in protracted class discovery proceedings. Defendant further agrees not to attempt to settle individually with any members of the putative class during the pendency of the stay unless any members of the putative class file or threaten to file a claim or action against Defendant with any administrative agency or with any court. Defendants agree to notify class counsel if such a circumstance arises. Further, the Court has not yet set a trial date.

Defendant believes that this twelve month time period will give it the necessary time to focus on the business operations such that it may change its financial situation in a positive way and thus be able to litigate or settle this matter after the end of the stay period.

Defendant further believes that such financial turn-around can only be accomplished by a stay of both the *Cheung* Action and the *Adams* Action and will allow, at a later date, for Defendant to litigate, perhaps pay and/or mediate a settlement with Plaintiffs. Therefore, Defendant believes a stay is also in the best interests of Plaintiffs and the class members. Plaintiffs believe that the stay is in the interests of the class because it will facilitate the efficient adjudication of the claims on a class basis. In the normal course of litigation, the pursuit of class certification would be time-consuming and give rise to transaction costs, with no certainty that the class would be certified, and this process, with a potential appeal of any order granting class certification following a court ruling, would potentially take up to a year or longer in any event. Once the stay is lifted, the

parties to *Cheung* Action will work cooperatively along with counsel in the *Adams* Action to make sure that both the class notice and litigation, if necessary, of the claims will proceed in a way that avoids duplication and promotes judicial efficiency.

## IV.  RESULTANT STIPULATION AS TO STAY AND CLASS CERTIFICATIONS

THEREFORE, the Parties hereby stipulate and agree to the following:

1.      To stay *all* proceedings in the *Cheung* Action through and including March 18, 2015; and

2.      That the condition for class certification under California Code of Procedure Section 382 and Rule 23 of the Federal Rules of Civil Procedure have been met as follows:

Constitution of the following subclasses:

**Subclass 1** is certified as to:  (1) Plaintiffs' First Cause of Action for unreimbursed business expenses incurred pursuant to section 2802 of the California Labor Code; (2) Plaintiffs' Fourth Cause of Action for unreimbursed business expenses pursuant to section 17200 *et seq.* of California's Business and Professions Code; and (3) Plaintiffs' Fifth Cause of Action for civil penalties under California's Private Attorney Generals Act based on the underlying alleged violations of Labor Code section 2802 pursuant to Labor Code sections 2698–2699.5.

Subclass 1 means, for purposes of this Stipulation only:

all persons in the classification of "Merchandising Specialist" and "Merchandising Representative," "Assisted Sales Representative," "Brand Advocate," "Product Demonstrator," "Field Representative," "Retail Sales Associate," "Retail Sales Representative" and "Retail Sales Specialist," employed by ActionLink in California from March 22, 2009 through the date the Court enters the stipulation to stay this action and to certify the proposed subclasses (the "Class Period") (Complaint p. 2:10-15).

As to the PAGA claim, however, for Subclass 1, the PAGA actionable period shall be from March 22, 2012, through the date the Court enters this stipulation to stay this action and to certify the proposed subclasses.

**Subclass 2** is certified as to: (1) Plaintiffs' Second Cause of Action for Unpaid Accrued Vacation and Paid Days Off  pursuant to Labor Code 227.3; (2) Plaintiffs' Third Cause of Action for failure to Pay Compensation at time of termination (for those members of Subclass 2 who are

1  no longer employed by ActionLink); (3) Plaintiff's Fourth Cause of Action for Unpaid Accrued

2  Vacation and Paid Days Off pursuant to Section 17200, *et seq.* of California's Business and

3  Professions Code; and (4) and Plaintiffs' Fifth Cause of Action for civil penalties under

4  California's Private Attorney Generals Act based on the underlying alleged violations of Labor

5  Code Section 227.3, pursuant to Labor Code sections 2698–2699.5.

6        Subclass 2 means the following, for purposes of this Stipulation only:

7        [A]ll other employees who have worked for at least one year, and who have worked
       at least 38 hours or more on a regular basis for Defendant in California during the
8       four years prior to the filing of this Complaint, seeking payment for their vested
       vacation pay (including, but not limited to floating holidays, Paid Absence Days
9       ("PAD"), personal holidays, and other paid time off) forfeited and not paid to them
       upon termination  to the extent such payment was required upon termination in
10      California (Complaint, p. 3:3-8).

11 As to the PAGA claim, however, for Subclass 2, the PAGA actionable period shall be from

12 March 22, 2012, through the date the Court enters this stipulation to stay this action and to certify

13 the proposed subclasses.

14       This Stipulation shall not constitute an admission by Defendant of any liability of

15 Plaintiffs' claims or of the class members' claims in the action.  Defendant agrees for purposes of

16 this Stipulation and in exchange for the stay of the litigation and the parallel *Adams* Action, that

17 Plaintiffs have met the requirements for certification of Subclass 1 and Subclass 2 as to the causes

18 of action listed above pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

19 and

20       3.       There is a well-defined community of interest in the litigation, the proposed

21 Subclasses are easily ascertainable, and Plaintiffs are adequate Class Representatives:

22       a.       Numerosity:  The potential members of Subclass 1 and Subclass 2, as

23 defined, are so numerous and diversely located throughout California, that joinder of all the

24 members of Subclass 1 and Subclass 2 are impracticable and Defendant believes that it has during

25 the Class Period employed more than 1,000 members of Subclass 1 and/or Subclass 2 in

26 California subject to Defendant's business expense reimbursement policies and vacation pay

27 policies.  The members of Subclass 1 and Subclass 2 are dispersed throughout California. Joinder

28 of all members of the proposed Subclasses is therefore not practicable; and further

b.      Commonality:  There are questions of law and fact common to the Plaintiffs and the Subclasses that predominate over any questions affecting only individual members of the Subclasses; including:

i.      Whether Plaintiffs and the members of Subclass 1 incurred unreimbursed business expenses in the discharge of their duties as employees, including but not limited to expenses for operation of personal motor vehicles such as mileage, insurance, gasoline and oil, parking costs, tolls, and depreciation and maintenance of their vehicles; cellular phones and monthly cellular phone bills; and high speed internet bills, in violation of section 2802 of the California Labor Code;

ii.      Whether Defendant's uniform policy of excluding the first 30 miles driven from and to the home offices of by the members of Subclass 1 in their personal vehicles on business-related trips violates section 2802 of the Labor Code;

iii.      Whether Defendant's uniform policy of paying only $0.25 (or lower rate) per mile instead of the IRS mileage reimbursement rate for mileage incurred by the members of Subclass 1 in their personal vehicles on business-related trips violates section 2802 of the Labor Code;

iv.      Whether Defendant's failure to fully reimburse business expenses incurred by Plaintiffs and members of Subclass 1 in the discharge of their duties violates section 17200 of California's Business and Professions Code;

v.      Whether Defendant intended, suffered and/or permitted, and/or was aware and/or should have been known that Plaintiff and the members of Subclass 1 incurred such unreimbursed business expenses in the discharge of their duties as employees;

vi.      Whether Defendant failed and/or refused to fully reimburse business expenses incurred by Plaintiff and the members of Subclass 1 in the discharge of their duties;

vii.      Whether Defendant's failure to reimburse business expenses incurred by Plaintiff and the members of Subclass 1, fully or at all, was the result of, and/or pursuant to, a business policy or regular practice of Defendant;

viii.      Whether Defendant's vacation pay and Paid Time Off forfeiture

1  policy violated section 227.3 of the California Labor Code;

2        ix.    Whether Defendant's policy to not pay unused but accrued vacation

3  pay and Paid Time Off on termination violated section 227.3 of the California Labor Code;

4        x.    Whether Defendant's failure to pay all accrued, yet unused, vacation

5  pay and all wages due upon termination of employment of the members of Subclass 2 within the

6  prescribed time period violated sections 201–203 of the California Labor Code;

7        xi.    Whether Plaintiffs are entitled to restitution under section 17200 of

8  the California Business and Professions Code; and

9        xii.    The proper formula(s) for calculating damages, interest, and

10  restitution owed to Plaintiff and the members of Subclass 1 and Subclass 2; and further

11        c.    Typicality:  Plaintiffs' claims are typical of the claims of both Subclasses.

12  Certification of this case as a class action will allow those similarly situated persons to litigate

13  their typical claims in the manner that is most efficient and economical for the parties and the

14  judicial system; and further,

15        d.    Adequacy of Representation:  Plaintiffs are members of Subclass 1 and

16  Subclass 2, and will fairly and adequately represent and protect the interests of the members of

17  both of the subclasses.  Plaintiffs' interests do not conflict with those of the members of Subclass

18  1 or Subclass 2.  Counsel who represents Plaintiffs (i.e., John Glugoski of Righetti Glugoski,

19  P.C.[1]; Craig Ackermann and Landen Buckley of Ackermann & Tilajef, P.C.; and Julian Hammond

20  of Hammond Law P.C.), are competent and experienced in litigating large wage and hour class

21  actions, including business expense reimbursement cases, and other employment class actions, and

22  will devote sufficient time and resources to the case and otherwise adequately represent Subclass 1

---

[1] John Glugoski of Righetti Glugoski, P.C. is counsel in the earlier-filed *Adams* action.  Plaintiffs' Counsel in both cases have agreed to a joint prosecution agreement of both actions such that they will jointly proceed as class counsel in either or both cases.  At a later date, the Parties will determine the mechanics of how one class notice shall be disseminated given the two pending overlapping cases and/or how the two cases shall be resolved or brought to trial given the overlap between them.  Since a stipulation similar to this one shall also be filed in the *Adams* action, the parties have agreed to defer discussion over the mechanics of the inter-relationship between the two cases until the conclusion of the stay in the two cases is lifted.

1 and Subclass 2; and further

2         d.     Superiority of Class Action: Class action is superior to other available

3 means for the fair and efficient adjudication of this controversy. Individual joinder of all members

4 of Subclass 1 and Subclass 2 is not practicable, and questions of law and fact common to the

5 members of Subclass 1 and Subclass 2 predominate over any questions affecting only individual

6 members of Subclass 1 and Subclass 2. The Parties also stipulate that the common issues

7 identified above predominate over any individual issues for purposes of Rule 23(b)(3).

8         4.     This stipulation does not imply that each and every individual in the stipulated

9 subclasses has a right to any relief. An individual's right and terms of recovery, if any, including

10 the named Plaintiffs, will be determined at a later date through trial or settlement. The sole

11 purpose of this Stipulation and Order is to stipulate to class certification of the referenced

12 Subclasses and Causes of Action in exchange for a one year stay of these proceedings and the

13 related *Adams* Action; and

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

5.      The proposed stay, if approved by the Court along with the stipulation to class certification, will expire by its own terms on March 18, 2015, at which time the Parties will inform the Court whether they intend to schedule an additional mediation and/or whether they will then proceed with the process of dissemination of the class notice and setting further deadlines for the trial of the substantive claims in this case following the notice dissemination process.  The lifting of the stay in March 18, 2015, shall not impact the continued certification of the subclasses for the causes of action identified herein.  All pending deadlines in this case are hereby vacated, the subclasses are certified for the causes of action listed above pursuant to the Parties' agreement and stipulation, and this Action is hereby stayed until and including March 18, 2015.

Respectfully submitted,

DATED:  May 13, 2014                        HAMMOND LAW PC


                                            By:      _/s/  Julian A. Hammond_____
                                                     JULIAN A. HAMMOND
                                                     Attorneys for PLAINTIFFS

DATED:  May 13, 2014                        ACKERMAN & TILAJEF PC


                                            By:      _/s/  Craig Ackermann_____
                                                     CRAIG J. ACKERMANN
                                                     Attorneys for PLAINTIFFS

DATED:  May   13, 2014                      HANSON BRIDGETT LLP


                                            By:      _/s/  Diane Marie O'Malley_____
                                                     DIANE MARIE O'MALLEY
                                                     DOROTHY S. LIU
                                                     JENNIFER M. MARTINEZ
                                                     Attorneys for Defendant
                                                     ACTIONLINK, LLC

1

## <u>ORDER</u>

2        GOOD CAUSE APPEARING based on the Parties' stipulation and ActionLink's financial

3   condition, the Court hereby issues the following Orders:

4        1.        *All* proceedings in the *Cheung* Action are stayed through and including March 18,

5   2015; and

6        2.        Class certification of the following subclasses and causes of action under Rule

7   23(a) and (b)(3) are hereby GRANTED pursuant to the Parties' Stipulation and this Order:

8        **Subclass 1** is certified as to:  (1) Plaintiffs' First Cause of Action for unreimbursed

9   business expenses incurred pursuant to Labor Code section 2802; (2) Plaintiff's Fourth Cause of

10  Action for unreimbursed business expenses pursuant to Section 17200, *et seq.* of California's

11  Business and Professions Code; and (3) Plaintiffs' Fifth Cause of Action for civil penalties under

12  California's Private Attorney Generals Act based on the underlying alleged violations of Labor

13  Code section 2802 pursuant to Labor Code sections 2698–2699.5.

14       Subclass 1 consists of, for purposes of this Stipulation only:

15       all persons in the classification of "Merchandising Specialist" and "Merchandising
         Representative," "Assisted Sales Representative," "Brand Advocate," "Product
16       Demonstrator," "Field Representative," "Retail Sales Associate," "Retail Sales
         Representative" and "Retail Sales Specialist," employed by ActionLink in
17       California from March 22, 2009 through the date the Court enters the stipulation to
         stay this action and to certify the proposed subclasses (the "Class Period")
18       (Complaint, p. 2:10-15).

19  As to the PAGA claim, however, for Subclass 1, the PAGA actionable period shall be from

20  March 22, 2012 through the date the Court enters this stipulation to stay this action and to certify

21  the proposed subclasses.

22       **Subclass 2** is certified as to: (1) Plaintiffs' Second Cause of Action for Unpaid Accrued

23  Vacation and Paid Days Off  pursuant to Labor Code 227.3; (2) Plaintiffs' Third Cause of Action

24  for failure to Pay Compensation at time of termination (for those members of Subclass 2 who are

25  no longer employed by ActionLink); (3) Plaintiff's Fourth Cause of Action for  Unpaid Accrued

26  Vacation and Paid Days Off  pursuant to Section 17200, *et seq.* of California's Business and

27  Professions Code; and (4) and Plaintiffs' Fifth Cause of Action for civil penalties under

28  California's Private Attorney Generals Act based on the underlying alleged violations of Labor

1   Code Section 227.3, pursuant to Labor Code sections 2698–2699.5.

2          Subclass 2 consists of, for purposes of this Stipulation only:

3          all other employees who have worked for at least one year, and who have worked at
           least 38 hours or more on a regular basis for Defendant (hereinafter "Full-Time
4          Class Members") in California during the four years prior to the filing of this
           Complaint, seeking payment for their vested vacation pay (including, but not
5          limited to floating holidays, Paid Absence Days ("PAD"), personal holidays, and
           other paid time off) forfeited and not paid to them upon termination  to the extent
6          such payment was required upon termination in California (Complaint, p. 3:3-8).

7   As to the PAGA claim, however, for Subclass 2 the PAGA actionable period shall be from

8   March 22, 2012 through the date the Court enters this stipulation to stay this action and to certify

9   the proposed subclasses.

10         The named Plaintiffs Cathlene Cheung, Jeff Koenig, Christian Santos, and Scott Sobczak

11  are hereby appointed as class representatives.  Craig Ackermann, Esq. from Ackermann & Tilajef,

12  P.C, Julian Hammond from Hammond Law, PC and John Glugoski of Righetti Glugoski, P.C,

13  class counsel in the parallel state court *Adams* case, are hereby appointed as class counsel.

14         All pending deadlines in this Action are hereby vacated.  The Parties shall file a Joint

15  Status Update on or before March 18, 2015, regarding their plans for mediation, class notice

16  dissemination and/or the setting of further deadlines, including a trial date, and they shall address

17  at that point the outstanding issues related to the inter-relationship between the *Cheung* and the

18  *Adams* cases.

19         IT IS SO ORDERED.

20

21  DATED: ___5/13/14_____, 2014

22

23

24  _____
    THE HONORABLE SUSAN ILLSTON
    United States District Court Judge

25

26

27

28

6291547.2

JOINT STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS