HANSON BRIDGETT LLP
DIANE MARIE O'MALLEY, SBN 139166
domalley@hansonbridgett.com
DOROTHY S. LIU, SBN 196369
dliu@hansonbridgett.com
JENNIFER M. MARTINEZ, SBN 262081
jmartinez@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Defendant ACTIONLINK, LLC

JULIAN A. HAMMOND, SBN 268489
Hammond.julian@gmail.com
HAMMOND LAW PC
1180 S. Beverly Dr., Ste. 610
Los Angeles, California 90035
Telephone:    (310) 601-6766
Facsimile:    (310) 295-2385

CRAIG G. ACKERMANN, SBN 229832
cja@ackermanntilajef.com
ACKERMANN & TILAJEF, P.C.
1180 S. Beverly Dr., Ste. 610
Los Angeles, California 90035
Telephone:    (310) 277-0614
Facsimile:    (310) 277-0635

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CATHLENE CHEUNG, JEFF KOENIG, CHRISTIAN SANTOS, and SCOTT SOBCZAK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACTIONLINK, L.L.C., an Ohio Limited Liability Corporation,<br><br>Defendant. | CASE NO. 3:13-cv-01931-SI<br><br>**JOINT STIPULATION AND [P~~ROPOSED~~] ORDER VACATING STAY AND ORDER CERTIFYING CLASSES AND SETTING FURTHER CASE MANAGEMENT CONFERENCE** |

**Plaintiffs Cathlene Cheung, Jeff Koenig, Christian Santos and Scott Sobczak** ("Plaintiffs") and Defendant *ActionLink, LLC*, ("ActionLink") (jointly the "Parties") hereby submit this Stipulation and Order.

## I.   INTRODUCTION

WHEREAS, on May 13, 2014, the Parties filed and this Court signed a Joint Stipulation and Proposed Order to Stay Proceedings ("Stipulation and Order") in the instant putative class action on behalf of themselves and all others similarly situated ("*Cheung* Action"). A copy of that Stipulation and Order is attached as Exhibit A;

WHEREAS, that Stipulation and Order provided that, a currently pending previously filed case in Sacramento Superior Court entitled *Carl Adams, III, et al. v. ActionLink, LLC, et al.* (the "*Adams* Action"), alleging violations of the California Labor Code for failure to reimburse business expenses; failure to pay overtime; waiting time penalties; Private Attorneys General Act penalties; and violations of California's Unfair Competition Law, would also be stayed in order for the Stipulation and Order to be effective;

WHEREAS, John Glugoski of Righetti Glugoski, P.C. is counsel in the earlier-filed *Adams* Action;

WHEREAS, since the Court signed the Stipulation and Order in this case, the parties in the *Adams* Action were unable to finalize and have the Sacramento Superior Court approve a stipulation to certify the claims in that case and stay those proceedings;

WHEREAS, the Stipulation and Order in the instant case provided, as a condition subsequent for the Stay of Proceedings and Certification Order in the instant Action to take effect, that there be a Stay in place in the *Adams* Action. Specifically, the Stipulation and Order provides:

> WHEREAS, as a result of Defendant's current financial situation, on March 18, 2014, the Parties determined partially to resolve some of the disputed issues in the Cheung and Adams Actions by agreeing to, and to seek court approval of, the following in both the Cheung and Adams Actions, **understanding that these agreements are in place only if the Court grants the Parties' joint request to stay the Cheung action and the Superior Court also grants the Parties' joint request to stay the Adams action**

WHEREAS, there was no joint request to stay the *Adams* Action that was ever submitted or granted in the *Adams* Action;

1     WHEREAS, the parties in the *Adams* Action reached impasse over the class notice. Adams' counsel wanted to send out a class notice during the stay period. ActionLink counsel believed such activity to be beyond the tentatively agreed to stay and in contradiction to the purpose of the stay. The parties in the *Adams* Action have not been able to come to agreement and do not anticipate being able to come to agreement over that issue in the *Adams* Action.

    WHEREAS, the parties in the *Adams* case reached impasse over whether the class notice would go out during the stay and the Parties have not been able to come to agreement and do not anticipate being able to come to agreement over that issue in the *Adams* case;

    WHEREAS, in light of the failure of the occurrence of a material condition subsequent to the Stay in this case, the Parties now hereby submit this Joint Stipulation and Proposed Order to Vacate the Stay and Class Certification Order in the instant case and ask the Court to set a Case Management Conference in this matter.

## II. RESULTANT STIPULATION AS TO VACATING STAY AND CLASS CERTIFICATION ORDER

NOW, THEREFORE, the Parties hereby stipulate and agree to the following:

1.     That the Court vacate the stay of *all* proceedings in the *Cheung* Action; and

2.     That the Court vacate the class certification rulings outlined in the Court's May 13, 2014 Joint Stipulation and Order, specifically vacating the following classes and subclasses: under California Code of Procedure Section 382 and Rule 23 of the Federal Rules of Civil Procedure:

**Subclass 1:** (1) Plaintiffs' First Cause of Action for unreimbursed business expenses incurred pursuant to section 2802 of the California Labor Code; (2) Plaintiffs' Fourth Cause of Action for unreimbursed business expenses pursuant to section 17200 *et seq.* of California's Business and Professions Code; and (3) Plaintiffs' Fifth Cause of Action for civil penalties under California's Private Attorney Generals Act based on the underlying alleged violations of Labor Code section 2802 pursuant to Labor Code sections 2698–2699.5.

Subclass 1 means, for purposes of this Stipulation only:

all persons in the classification of "Merchandising Specialist" and "Merchandising Representative," "Assisted Sales Representative," "Brand Advocate," "Product Demonstrator," "Field Representative," "Retail Sales Associate," "Retail Sales

Representative" and "Retail Sales Specialist," employed by ActionLink in California from March 22, 2009 through the date the Court enters the stipulation to stay this action and to certify the proposed subclasses (the "Class Period") (Complaint p. 2:10-15).

As to the PAGA claim, however, for Subclass 1, the PAGA actionable period shall be from March 22, 2012.

**Subclass 2**: (1) Plaintiffs' Second Cause of Action for Unpaid Accrued Vacation and Paid Days Off pursuant to Labor Code 227.3; (2) Plaintiffs' Third Cause of Action for failure to Pay Compensation at time of termination (for those members of Subclass 2 who are no longer employed by ActionLink); (3) Plaintiff's Fourth Cause of Action for Unpaid Accrued Vacation and Paid Days Off pursuant to Section 17200, *et seq.* of California's Business and Professions Code; and (4) and Plaintiffs' Fifth Cause of Action for civil penalties under California's Private Attorney Generals Act based on the underlying alleged violations of Labor Code Section 227.3, pursuant to Labor Code sections 2698–2699.5.

Subclass 2 means the following, for purposes of this Stipulation only:

> [A]ll other employees who have worked for at least one year, and who have worked at least 38 hours or more on a regular basis for Defendant in California during the four years prior to the filing of this Complaint, seeking payment for their vested vacation pay (including, but not limited to floating holidays, Paid Absence Days ("PAD"), personal holidays, and other paid time off) forfeited and not paid to them upon termination to the extent such payment was required upon termination in California (Complaint, p. 3:3-8).

As to the PAGA claim, however, for Subclass 2, the PAGA actionable period shall be from March 22, 2012.

3. For the Court to set a Case Management Conference on _____ at which time the Parties will inform the Court whether they intend to schedule an additional mediation and/or whether they will then proceed with litigating the matter, including, but not limited to setting dates for motions for class certification and setting further deadlines for the trial of the substantive claims in this case, if necessary.

Respectfully submitted,

| | | | |
|---|---|---|---|
| 1 | DATED: November 5, 2014 | | HAMMOND LAW PC |
| 2 | | | |
| 3 | | By: | /s/ Julian A. Hammond |
| 4 | | | JULIAN A. HAMMOND<br>Attorneys for PLAINTIFFS |
| 5 | | | |
| 6 | DATED: November 5, 2014 | | ACKERMAN & TILAJEF PC |
| 7 | | | |
| 8 | | By: | /s/ Craig Ackermann |
| 9 | | | CRAIG J. ACKERMANN<br>Attorneys for PLAINTIFFS |
| 10 | DATED: November 5, 2014 | | HANSON BRIDGETT LLP |
| 11 | | | |
| 12 | | By: | /s/ Diane Marie O'Malley |
| 13 | | | DIANE MARIE O'MALLEY<br>DOROTHY S. LIU |
| 14 | | | JENNIFER M. MARTINEZ<br>Attorneys for Defendant |
| 15 | | | ACTIONLINK, LLC |

## ORDER

GOOD CAUSE APPEARING based on the Parties' stipulation and the failure of a condition subsequent in the parallel *Adams* action in state court, the Court hereby issues the following Orders:

1. The Court hereby vacates, in its entirety, the May 13, 2014 Joint Stipulation and Order; and specifically

2. The Court vacates the stay of *all* proceedings in the *Cheung* Action; and

3. The Court vacates all the class certification rulings outlined in the Court's May 13, 2014 Joint Stipulation and Order, specifically vacating the classes and subclasses noted therein; and

4. The Court hereby sets a Case Management Conference on 12/12/14 @ 3 p.m. at which time the Parties will inform the Court whether they intend to schedule an additional mediation and/or whether they will then proceed with litigating the matter, including, but not limited to setting dates for motions for class certification and setting further deadlines for the trial of the substantive claims in this case, if necessary.

IT IS SO ORDERED.

DATED: 11/10, 2014

_____
THE HONORABLE SUSAN ILLSTON
United States District Court Judge

# EXHIBIT A

| | |
|---|---|
| 1 | HANSON BRIDGETT LLP |
| | DIANE MARIE O'MALLEY, SBN 139166 |
| 2 | domalley@hansonbridgett.com |
| | DOROTHY S. LIU, SBN 196369 |
| 3 | dliu@hansonbridgett.com |
| | JENNIFER M. MARTINEZ, SBN 262081 |
| 4 | jmartinez@hansonbridgett.com |
| | 425 Market Street, 26th Floor |
| 5 | San Francisco, California 94105 |
| | Telephone:   (415) 777-3200 |
| 6 | Facsimile:    (415) 541-9366 |
| 7 | Attorneys for Defendant ACTIONLINK, LLC |
| 8 | JULIAN A. HAMMOND, SBN 268489 |
| | Hammond.julian@gmail.com |
| 9 | HAMMOND LAW PC |
| | 1180 S. Beverly Dr., Ste. 610 |
| 10 | Los Angeles, California 90035 |
| | Telephone:   (310) 601-6766 |
| 11 | Facsimile:    (310) 295-2385 |
| 12 | CRAIG G. ACKERMANN, SBN 229832 |
| | cja@ackermanntilajef.com |
| 13 | ACKERMANN & TILAJEF, P.C. |
| | 1180 S. Beverly Dr., Ste. 610 |
| 14 | Los Angeles, California 90035 |
| | Telephone:   (310) 277-0614 |
| 15 | Facsimile:    (310) 277-0635 |
| 16 | Attorneys for PLAINTIFFS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CATHLENE CHEUNG, JEFF KOENIG, CHRISTIAN SANTOS, and SCOTT SOBCZAK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACTIONLINK, L.L.C., an Ohio Limited Liability Corporation,<br><br>Defendant. | CASE NO. 3:13-cv-01931-SI<br><br>**JOINT STIPULATION AND [~~PROPOSED~~] ORDER CERTIFYING CLASS; VACATING DEADLINES FOR CLASS CERTIFICATION MOTION AND OTHER COURT DATES AND STAYING CLASS ACTION FOR TWELVE (12) MONTHS DUE TO DEFENDANT'S POTENTIAL JUDGMENT PROOF STATUS** |

**Plaintiffs Cathlene Cheung, Jeff Koenig, Christian Santos and Scott Sobczak** ("Plaintiffs") and Defendant *ActionLink, LLC,* hereby submit this Stipulation and Order.

## I.   INTRODUCTION

WHEREAS, Plaintiffs filed this action in the Superior Court of California for the County of Alameda on March 22, 2013, alleging violations of the California Labor Code for failure to reimburse business expenses; failure to pay all accrued vacation days; waiting time penalties; Private Attorneys General Act penalties; and violations of California's Unfair Competition Law. Thereafter, Defendant removed this action to this Court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d);

WHEREAS, Plaintiffs filed the instant putative class action on behalf of themselves and all others similarly situated ("*Cheung* Action");

WHEREAS, a previously filed case in Sacramento Superior Court is also currently pending entitled *Carl Adams, III, et al. v. ActionLink, LLC, et al.* (the "*Adams* Action"), alleging violations of the California Labor Code for failure to reimburse business expenses; failure to pay overtime; waiting time penalties; Private Attorneys General Act penalties; and violations of California's Unfair Competition Law;

WHEREAS, the claims in the *Cheung* Action overlap with the claims in the *Adams* Action;

WHEREAS, in the instant action, Plaintiffs have propounded discovery that is currently in abeyance, and

WHEREAS, the Court has set an October 31, 2014 date for Plaintiffs to file their Motion for Class Certification.

## II.   CONCURRENT PROCEEDINGS IMPACTING THIS LITIGATION/DEFENDANT'S FINANCIAL CONDITION

WHEREAS, Defendant is involved in a Fair Labor Standards Act collective action in the United States District Court for the Eastern District of Arkansas, entitled *Beauford, et al v. ActionLink, LLC*. On September 26, 2013, judgment was entered in favor of the Arkansas plaintiffs in the amount of $359,455.77, with interest of 0.11% per annum from that date accruing; and

1   WHEREAS, on January 15, 2014, the same Arkansas court entered judgment in favor of
2   the Arkansas plaintiffs for $196,848.72 plus pre-judgment interest to accrue at the rate of 0.13%
3   per annum representing an award of $193,475.50 in attorneys' fees and $3,375.22 in costs; and

4   WHEREAS, in addition to awarding those amounts, the Arkansas court specifically found
5   that the Defendant may be unable to satisfy the judgments due to its financial condition. The
6   Court noted:

> Here, in addition to the risk associated with the possibility that the plaintiffs might not have prevailed **there is the additional risk that ActionLink may be unable to satisfy the judgment and unable to pay the attorneys' fees award to plaintiffs' counsel.** Based on the prospect that ActionLink may be unable to satisfy the judgment, the plaintiffs moved for leave to register the judgment in other districts or in the alternative to require ActionLink to post a bond. ActionLink made no response so the court accepted as true the representation that ActionLink may be unable to satisfy the judgment. Thus, the court is presented with the rare circumstance in which a defendant has made an offer of judgment pursuant to Rule 68, the plaintiffs have accepted that offer, but the defendant may be unable to satisfy the judgment. **Because of this rare circumstance, the Court believes that it is appropriate to enhance the fee award to plaintiffs' counsel based on the risk that ActionLink may be unable to pay the award and the additional time and labor that may be involved in collecting the judgment and in collecting the award of attorneys' fees.**

15  *See Beauford, et al v. ActionLink, LLC*, No. 4:2012-cv-00139, 2014 U.S. Dist. LEXIS 5039, at *8
16  (E.D. Ark. Jan. 15, 2014).

17  WHEREAS, due to Defendant's current financial situation, it can neither defend the
18  *Cheung* and *Adams* Actions nor offer monetary relief to resolves the actions that is acceptable to
19  Plaintiffs; and further, if Plaintiffs were successful in these actions, Defendant contends that it
20  could not pay any judgments; and

21  **III.   MEDIATION EFFORTS**

22  WHEREAS, in accordance with this Court's January 24, 2014 Minute Order, on March 18,
23  2014, the Parties engaged in private mediation before the Honorable William Cahill. Counsel for
24  both the *Cheung* Action and the *Adams* Action and for Defendant were present; and

25  WHEREAS, as a result of Defendant's current financial situation, on March 18, 2014, the
26  Parties determined partially to resolve some of the disputed issues in the *Cheung* and *Adams*
27  Actions by agreeing to, and to seek court approval of, the following in both the *Cheung* and
28  *Adams* Actions, understanding that these agreements are in place only if the Court grants the

1  Parties' joint request to stay the *Cheung* action and the Superior Court also grants the Parties' joint
2  request to stay the *Adams* action:

    1.   A twelve (12) month stay (through and including March 18, 2015), of all proceedings including, but not limited to, court appearances, motions, and discovery, and

    2.   Defendant's stipulation to class certification, as those subclasses are defined herein.

7      The Parties believe that the federal court proceedings will not be prejudiced by this
8  postponement, due, in large part, to the fact that Defendant is agreeing to stipulate to class
9  certification, thus making it unnecessary for the Court to hear and determine the class certification
10 motion, currently set for an October 31, 2014 hearing, in exchange for a temporary stay of
11 litigation. Defendant's stipulation to class certification also obviates the need for the Parties and
12 the Court to engage in protracted class discovery proceedings. Defendant further agrees not to
13 attempt to settle individually with any members of the putative class during the pendency of the
14 stay unless any members of the putative class file or threaten to file a claim or action against
15 Defendant with any administrative agency or with any court. Defendants agree to notify class
16 counsel if such a circumstance arises. Further, the Court has not yet set a trial date.

17     Defendant believes that this twelve month time period will give it the necessary time to
18 focus on the business operations such that it may change its financial situation in a positive way
19 and thus be able to litigate or settle this matter after the end of the stay period.

20     Defendant further believes that such financial turn-around can only be accomplished by a
21 stay of both the *Cheung* Action and the *Adams* Action and will allow, at a later date, for Defendant
22 to litigate, perhaps pay and/or mediate a settlement with Plaintiffs. Therefore, Defendant believes
23 a stay is also in the best interests of Plaintiffs and the class members. Plaintiffs believe that the
24 stay is in the interests of the class because it will facilitate the efficient adjudication of the claims
25 on a class basis. In the normal course of litigation, the pursuit of class certification would be time-
26 consuming and give rise to transaction costs, with no certainty that the class would be certified,
27 and this process, with a potential appeal of any order granting class certification following a court
28 ruling, would potentially take up to a year or longer in any event. Once the stay is lifted, the

parties to *Cheung* Action will work cooperatively along with counsel in the *Adams* Action to make sure that both the class notice and litigation, if necessary, of the claims will proceed in a way that avoids duplication and promotes judicial efficiency.

### IV. RESULTANT STIPULATION AS TO STAY AND CLASS CERTIFICATIONS

THEREFORE, the Parties hereby stipulate and agree to the following:

1. To stay *all* proceedings in the *Cheung* Action through and including March 18, 2015; and

2. That the condition for class certification under California Code of Procedure Section 382 and Rule 23 of the Federal Rules of Civil Procedure have been met as follows:

Constitution of the following subclasses:

**Subclass 1** is certified as to: (1) Plaintiffs' First Cause of Action for unreimbursed business expenses incurred pursuant to section 2802 of the California Labor Code; (2) Plaintiffs' Fourth Cause of Action for unreimbursed business expenses pursuant to section 17200 *et seq.* of California's Business and Professions Code; and (3) Plaintiffs' Fifth Cause of Action for civil penalties under California's Private Attorney Generals Act based on the underlying alleged violations of Labor Code section 2802 pursuant to Labor Code sections 2698–2699.5.

Subclass 1 means, for purposes of this Stipulation only:

all persons in the classification of "Merchandising Specialist" and "Merchandising Representative," "Assisted Sales Representative," "Brand Advocate," "Product Demonstrator," "Field Representative," "Retail Sales Associate," "Retail Sales Representative" and "Retail Sales Specialist," employed by ActionLink in California from March 22, 2009 through the date the Court enters the stipulation to stay this action and to certify the proposed subclasses (the "Class Period") (Complaint p. 2:10-15).

As to the PAGA claim, however, for Subclass 1, the PAGA actionable period shall be from March 22, 2012, through the date the Court enters this stipulation to stay this action and to certify the proposed subclasses.

**Subclass 2** is certified as to: (1) Plaintiffs' Second Cause of Action for Unpaid Accrued Vacation and Paid Days Off pursuant to Labor Code 227.3; (2) Plaintiffs' Third Cause of Action for failure to Pay Compensation at time of termination (for those members of Subclass 2 who are

no longer employed by ActionLink); (3) Plaintiff's Fourth Cause of Action for Unpaid Accrued Vacation and Paid Days Off pursuant to Section 17200, *et seq*. of California's Business and Professions Code; and (4) and Plaintiffs' Fifth Cause of Action for civil penalties under California's Private Attorney Generals Act based on the underlying alleged violations of Labor Code Section 227.3, pursuant to Labor Code sections 2698–2699.5.

Subclass 2 means the following, for purposes of this Stipulation only:

> [A]ll other employees who have worked for at least one year, and who have worked at least 38 hours or more on a regular basis for Defendant in California during the four years prior to the filing of this Complaint, seeking payment for their vested vacation pay (including, but not limited to floating holidays, Paid Absence Days ("PAD"), personal holidays, and other paid time off) forfeited and not paid to them upon termination to the extent such payment was required upon termination in California (Complaint, p. 3:3-8).

As to the PAGA claim, however, for Subclass 2, the PAGA actionable period shall be from March 22, 2012, through the date the Court enters this stipulation to stay this action and to certify the proposed subclasses.

This Stipulation shall not constitute an admission by Defendant of any liability of Plaintiffs' claims or of the class members' claims in the action. Defendant agrees for purposes of this Stipulation and in exchange for the stay of the litigation and the parallel *Adams* Action, that Plaintiffs have met the requirements for certification of Subclass 1 and Subclass 2 as to the causes of action listed above pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure; and

3. There is a well-defined community of interest in the litigation, the proposed Subclasses are easily ascertainable, and Plaintiffs are adequate Class Representatives:

a. Numerosity: The potential members of Subclass 1 and Subclass 2, as defined, are so numerous and diversely located throughout California, that joinder of all the members of Subclass 1 and Subclass 2 are impracticable and Defendant believes that it has during the Class Period employed more than 1,000 members of Subclass 1 and/or Subclass 2 in California subject to Defendant's business expense reimbursement policies and vacation pay policies. The members of Subclass 1 and Subclass 2 are dispersed throughout California. Joinder of all members of the proposed Subclasses is therefore not practicable; and further

  b. Commonality: There are questions of law and fact common to the Plaintiffs and the Subclasses that predominate over any questions affecting only individual members of the Subclasses; including:

    i. Whether Plaintiffs and the members of Subclass 1 incurred unreimbursed business expenses in the discharge of their duties as employees, including but not limited to expenses for operation of personal motor vehicles such as mileage, insurance, gasoline and oil, parking costs, tolls, and depreciation and maintenance of their vehicles; cellular phones and monthly cellular phone bills; and high speed internet bills, in violation of section 2802 of the California Labor Code;

    ii. Whether Defendant's uniform policy of excluding the first 30 miles driven from and to the home offices of by the members of Subclass 1 in their personal vehicles on business-related trips violates section 2802 of the Labor Code;

    iii. Whether Defendant's uniform policy of paying only $0.25 (or lower rate) per mile instead of the IRS mileage reimbursement rate for mileage incurred by the members of Subclass 1 in their personal vehicles on business-related trips violates section 2802 of the Labor Code;

    iv. Whether Defendant's failure to fully reimburse business expenses incurred by Plaintiffs and members of Subclass 1 in the discharge of their duties violates section 17200 of California's Business and Professions Code;

    v. Whether Defendant intended, suffered and/or permitted, and/or was aware and/or should have been known that Plaintiff and the members of Subclass 1 incurred such unreimbursed business expenses in the discharge of their duties as employees;

    vi. Whether Defendant failed and/or refused to fully reimburse business expenses incurred by Plaintiff and the members of Subclass 1 in the discharge of their duties;

    vii. Whether Defendant's failure to reimburse business expenses incurred by Plaintiff and the members of Subclass 1, fully or at all, was the result of, and/or pursuant to, a business policy or regular practice of Defendant;

    viii. Whether Defendant's vacation pay and Paid Time Off forfeiture

1  policy violated section 227.3 of the California Labor Code;

2        ix.    Whether Defendant's policy to not pay unused but accrued vacation
3  pay and Paid Time Off on termination violated section 227.3 of the California Labor Code;

4        x.    Whether Defendant's failure to pay all accrued, yet unused, vacation
5  pay and all wages due upon termination of employment of the members of Subclass 2 within the
6  prescribed time period violated sections 201–203 of the California Labor Code;

7        xi.    Whether Plaintiffs are entitled to restitution under section 17200 of
8  the California Business and Professions Code; and

9        xii.    The proper formula(s) for calculating damages, interest, and
10 restitution owed to Plaintiff and the members of Subclass 1 and Subclass 2; and further

11     c.    Typicality: Plaintiffs' claims are typical of the claims of both Subclasses.
12 Certification of this case as a class action will allow those similarly situated persons to litigate
13 their typical claims in the manner that is most efficient and economical for the parties and the
14 judicial system; and further,

15     d.    Adequacy of Representation: Plaintiffs are members of Subclass 1 and
16 Subclass 2, and will fairly and adequately represent and protect the interests of the members of
17 both of the subclasses. Plaintiffs' interests do not conflict with those of the members of Subclass
18 1 or Subclass 2. Counsel who represents Plaintiffs (i.e., John Glugoski of Righetti Glugoski,
19 P.C.[1]; Craig Ackermann and Landen Buckley of Ackermann & Tilajef, P.C.; and Julian Hammond
20 of Hammond Law P.C.), are competent and experienced in litigating large wage and hour class
21 actions, including business expense reimbursement cases, and other employment class actions, and
22 will devote sufficient time and resources to the case and otherwise adequately represent Subclass 1

---

[1] John Glugoski of Righetti Glugoski, P.C. is counsel in the earlier-filed *Adams* action. Plaintiffs' Counsel in both cases have agreed to a joint prosecution agreement of both actions such that they will jointly proceed as class counsel in either or both cases. At a later date, the Parties will determine the mechanics of how one class notice shall be disseminated given the two pending overlapping cases and/or how the two cases shall be resolved or brought to trial given the overlap between them. Since a stipulation similar to this one shall also be filed in the *Adams* action, the parties have agreed to defer discussion over the mechanics of the inter-relationship between the two cases until the conclusion of the stay in the two cases is lifted.

1  and Subclass 2; and further

2              d.   Superiority of Class Action: Class action is superior to other available
3  means for the fair and efficient adjudication of this controversy. Individual joinder of all members
4  of Subclass 1 and Subclass 2 is not practicable, and questions of law and fact common to the
5  members of Subclass 1 and Subclass 2 predominate over any questions affecting only individual
6  members of Subclass 1 and Subclass 2. The Parties also stipulate that the common issues
7  identified above predominate over any individual issues for purposes of Rule 23(b)(3).

8       4.   This stipulation does not imply that each and every individual in the stipulated
9  subclasses has a right to any relief. An individual's right and terms of recovery, if any, including
10 the named Plaintiffs, will be determined at a later date through trial or settlement. The sole
11 purpose of this Stipulation and Order is to stipulate to class certification of the referenced
12 Subclasses and Causes of Action in exchange for a one year stay of these proceedings and the
13 related *Adams* Action; and

14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

5. The proposed stay, if approved by the Court along with the stipulation to class certification, will expire by its own terms on March 18, 2015, at which time the Parties will inform the Court whether they intend to schedule an additional mediation and/or whether they will then proceed with the process of dissemination of the class notice and setting further deadlines for the trial of the substantive claims in this case following the notice dissemination process. The lifting of the stay in March 18, 2015, shall not impact the continued certification of the subclasses for the causes of action identified herein. All pending deadlines in this case are hereby vacated, the subclasses are certified for the causes of action listed above pursuant to the Parties' agreement and stipulation, and this Action is hereby stayed until and including March 18, 2015.

Respectfully submitted,

DATED: May 13, 2014               HAMMOND LAW PC

                            By:   /s/ Julian A. Hammond
                                  JULIAN A. HAMMOND
                                  Attorneys for PLAINTIFFS

DATED: May 13, 2014               ACKERMAN & TILAJEF PC

                            By:   /s/ Craig Ackermann
                                  CRAIG J. ACKERMANN
                                  Attorneys for PLAINTIFFS

DATED: May 13, 2014               HANSON BRIDGETT LLP

                            By:   /s/ Diane Marie O'Malley
                                  DIANE MARIE O'MALLEY
                                  DOROTHY S. LIU
                                  JENNIFER M. MARTINEZ
                                  Attorneys for Defendant
                                  ACTIONLINK, LLC

## ORDER

GOOD CAUSE APPEARING based on the Parties' stipulation and ActionLink's financial condition, the Court hereby issues the following Orders:

1. *All* proceedings in the *Cheung* Action are stayed through and including March 18, 2015; and

2. Class certification of the following subclasses and causes of action under Rule 23(a) and (b)(3) are hereby GRANTED pursuant to the Parties' Stipulation and this Order:

**Subclass 1** is certified as to: (1) Plaintiffs' First Cause of Action for unreimbursed business expenses incurred pursuant to Labor Code section 2802; (2) Plaintiff's Fourth Cause of Action for unreimbursed business expenses pursuant to Section 17200, *et seq.* of California's Business and Professions Code; and (3) Plaintiffs' Fifth Cause of Action for civil penalties under California's Private Attorney Generals Act based on the underlying alleged violations of Labor Code section 2802 pursuant to Labor Code sections 2698–2699.5.

Subclass 1 consists of, for purposes of this Stipulation only:

all persons in the classification of "Merchandising Specialist" and "Merchandising Representative," "Assisted Sales Representative," "Brand Advocate," "Product Demonstrator," "Field Representative," "Retail Sales Associate," "Retail Sales Representative" and "Retail Sales Specialist," employed by ActionLink in California from March 22, 2009 through the date the Court enters the stipulation to stay this action and to certify the proposed subclasses (the "Class Period") (Complaint, p. 2:10-15).

As to the PAGA claim, however, for Subclass 1, the PAGA actionable period shall be from March 22, 2012 through the date the Court enters this stipulation to stay this action and to certify the proposed subclasses.

**Subclass 2** is certified as to: (1) Plaintiffs' Second Cause of Action for Unpaid Accrued Vacation and Paid Days Off pursuant to Labor Code 227.3; (2) Plaintiffs' Third Cause of Action for failure to Pay Compensation at time of termination (for those members of Subclass 2 who are no longer employed by ActionLink); (3) Plaintiff's Fourth Cause of Action for Unpaid Accrued Vacation and Paid Days Off pursuant to Section 17200, *et seq.* of California's Business and Professions Code; and (4) and Plaintiffs' Fifth Cause of Action for civil penalties under California's Private Attorney Generals Act based on the underlying alleged violations of Labor

Code Section 227.3, pursuant to Labor Code sections 2698–2699.5.

Subclass 2 consists of, for purposes of this Stipulation only:

all other employees who have worked for at least one year, and who have worked at least 38 hours or more on a regular basis for Defendant (hereinafter "Full-Time Class Members") in California during the four years prior to the filing of this Complaint, seeking payment for their vested vacation pay (including, but not limited to floating holidays, Paid Absence Days ("PAD"), personal holidays, and other paid time off) forfeited and not paid to them upon termination to the extent such payment was required upon termination in California (Complaint, p. 3:3-8).

As to the PAGA claim, however, for Subclass 2 the PAGA actionable period shall be from March 22, 2012 through the date the Court enters this stipulation to stay this action and to certify the proposed subclasses.

The named Plaintiffs Cathlene Cheung, Jeff Koenig, Christian Santos, and Scott Sobczak are hereby appointed as class representatives. Craig Ackermann, Esq. from Ackermann & Tilajef, P.C, Julian Hammond from Hammond Law, PC and John Glugoski of Righetti Glugoski, P.C, class counsel in the parallel state court *Adams* case, are hereby appointed as class counsel.

All pending deadlines in this Action are hereby vacated. The Parties shall file a Joint Status Update on or before March 18, 2015, regarding their plans for mediation, class notice dissemination and/or the setting of further deadlines, including a trial date, and they shall address at that point the outstanding issues related to the inter-relationship between the *Cheung* and the *Adams* cases.

IT IS SO ORDERED.

DATED: 5/13/14, 2014

_____
THE HONORABLE SUSAN ILLSTON
United States District Court Judge